*PEABODY WESTERN COAL COMPANY, Kayenta Mine,*
Petitioner
*vs.*
*NAVAJO NATION LABOR COMMISSION*
Respondent
*and concerning*
*Eugene Badonie*
Real Party in Interest

In the Supreme Court of the Navajo Nation

No. SC-CV-33-04

May 24, 2004

---

Mary Bruno, Esq., Phoenix, Arizona, for Petitioner.

Before BATES ARTHUR, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by BATES ARTHUR, Chief Justice.

Based on our review of the Petition for Writ of Prohibition, we summarily deny the writ under Rule 26(c) of the Navajo Rules of Civil Appellate Procedure. Our reasons are set forth below.

I

Petitioner is the respondent in a pending case before the Navajo Nation Labor Commission (Commission) concerning alleged violations of the Navajo Preference in Employment Act, 15 N.N.C. §§ 601 *et seq.* Real Party in Interest is the petitioner in the Commission proceeding. Real Party in Interest filed his complaint more than 360 days after he filed his charge with the Office of Navajo Labor Relations. The NPEA requires the complaint to be filed within 360 days of the charge. 15 N.N.C. § 610(J)(1)(c).

Based on the date of the complaint, Petitioner filed a motion to dismiss. The Commission held a hearing, and denied the petition based on, among other things, the doctrine of equitable tolling. Petitioner then filed this request for a writ of prohibition, contending that the timing requirements in Section 610(J)(1)(c) were jurisdictional, and therefore this Court should prevent the Commission from moving forward with the case.

II

The issue in this case is whether a writ of prohibition is an appropriate remedy when a complaint in a Navajo Preference in Employment Act case is untimely filed.

III

Petitioner invokes the authority of this Court to issue a writ of prohibition by arguing that the timing requirements in 15 N.N.C. § 610(J)(1)(c) are jurisdictional. This Court recently clarified the grounds for a writ of prohibition. *Cabinets Southwest, Inc. v. Navajo Nation Labor Commission,* 8 Nav. R. 435 (Nav. Sup. Ct. 2004). Building on our previous opinion in *Yellowhorse, Inc. v. Window Rock District Court,* 5 Nav. R. 85 (Nav. Sup. Ct. 1986), we held that we will issue a writ of prohibition only for defects of "jurisdictional significance." *Id.* at 446. The question in this case is whether the timing requirements for filing a complaint with the Navajo Nation Labor Commission are of "jurisdictional significance."

We do not believe the timing requirements are jurisdictional for purposes of a writ of prohibition. Petitioner relies on a statement in *Harvey v. Kayenta Unified*

*School District* that Section 610(J)(1)(c) "appears to be a hybrid of a jurisdictional statute and a limitation statute." 7 Nav. R. 374, 375 (Nav. Sup. Ct. 1999). However, further in the *Harvey* opinion we indicated that equitable tolling may apply, suggesting that Section 610(J)(1)(c) operates as a statute of limitations and not a jurisdictional condition. *Id.* at 375-76. Though our opinion in *Harvey* was not clear, we clarify today that the NPEA timing requirements are not jurisdictional, in that they may be waived by failure of the respondent to plead them as a defense, and may be altered by other considerations such as equitable tolling.[1] We reject any suggestion in *Harvey* to the contrary.

This is not a decision on the merits of this case. Petitioner may appeal any decision of the Labor Commission it feels is in error.

## IV

Based on the above, we hereby DENY the petition for writ of prohibition. This case is closed.

---

[1] Recognition in *Harvey* of the authority of the Labor Commission to dismiss an untimely complaint on its own motion, 7 Nav. R. at 376, does not alter this conclusion. In *Cabinets* we held that *res judicata* was not jurisdictional and therefore not a defect justifying the issuance of a writ of prohibition. No. SC-CV-35-03, slip op. at 9. However, like the NPEA timing requirement, we previously had recognized the ability of a court to take judicial notice of its own docket and on its own motion dismiss a case under *res judicata*. *In re Estate of Goldtooth Begay #2*, 7 Nav. R. 29, 30-31 (Nav. Sup. Ct. 1992). The discretionary ability of a court or administrative agency to take judicial notice of a fact and dismiss a case is different from the requirement of mandatory dismissal when there is a lack of subject matter jurisdiction. One permits dismissal with the discretion of the court or agency, while the other prevents the court or agency from hearing a case at all. Though the Labor Commission can bring up the timing issue on its own motion, it alternatively can proceed with hearing the case, in the absence of a motion to dismiss by respondent. The timing issue is therefore not of "jurisdictional significance," as it does not prevent the Commission from hearing the case at all, but permits dismissal of the case if properly asserted by the Commission or the respondent.